FILED

2026 May-05  AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SKY B. POLK,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Civil Action No. 5:25-cv-910-CLS** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, Sky B. Polk, commenced this action pursuant to 42 U.S.C. § 405(g) on June 11, 2025, seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Polk's claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence, or

substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Claimant asserts that the ALJ failed to account for the "total limiting effects" of claimant's impairments —namely, claimant's use of a cane for assistance with ambulation — as required by the regulations. Upon review of the record, the court concludes that claimant's contention has merit, and that the Commissioner's ruling is due to be reversed, and this case remanded for further proceedings.

The ALJ found that claimant had the severe impairments of osteoarthritis, epilepsy, obesity, and cardiac dysrhythmias.[1] She also found that claimant had the following non-severe impairments: chronic obstructive pulmonary disease; hypertension, and a limb fracture.[2] The ALJ nonetheless concluded that claimant retained

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk with normal breaks for six hours in an eight hour workday. He can sit with normal breaks for six hours in an eight hour workday. The claimant can frequently climb ramps and stairs, but never climb ladders, ropes, and scaffolds. He can frequently balance, stoop, kneel, crouch,

---

[1] Tr. 19.

[2] Tr. 20.

and crawl.  The claimant can occasionally reach overhead with the bilateral upper extremities.  He cannot work at unprotected heights and cannot perform commercial driving.

Tr. 22.  The ALJ stated that, when formulating claimant's residual functional capacity, she considered all of claimant's symptoms "and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."[3]

Based upon the residual functional capacity determination, the ALJ concluded that claimant was unable to perform past relevant work.[4]  Therefore, the ALJ relied upon the testimony of a vocational expert to determine whether jobs that claimant could perform within the limits of his residual functional capacity existed in significant numbers in the national economy.[5]  The ALJ found that claimant could perform the requirements of jobs such as production assembler, housekeeping cleaner, and sales attendant.[6]  Accordingly, the ALJ found that claimant had not been under a "disability" as defined in the Social Security Act.

Claimant challenges those findings because the ALJ did not take into consideration claimant's use of a cane to assist ambulation, in contravention of Social

---

[3] Tr. 22.

[4] Tr. 30.

[5] Tr. 31.

[6] *Id.*

Security Ruling ("SSR") 96-9P, 1996 WL 374185, at *7.[7]  SSR 96-9P provides as

follows:

> To find that a hand-held assistive device [*i.e.*, a cane] is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).  The adjudicator must always consider the particular facts of a case . . . .

*Id.* (alteration supplied).

The record contains multiple references to claimant's use of a cane.  Claimant

testified during the administrative hearing that he had used a cane for the past three

years, on the recommendation of one of his doctors, to help prevent falls.[8]  Shelby

Leigh Bergstrasser, M.D., who performed a consultative examination on June 18,

2022, observed that claimant's "gait [was] remarkable for limp with weight bearing

predominantly on left, [and that the claimant] does use [a] cane for assistance."[9]

Likewise, on December 16, 2023, Tommie Robinson, M.D., noted, with respect to

claimant's "gait and station," that claimant "[a]mbulates with [A] cane favoring right

side."[10]

The ALJ acknowledged claimant's use of a cane, but failed to specifically

---

[7] Doc. no. 13 (Claimant's Opening Brief), at 9.

[8] Tr. 53.

[9] Tr. 1039 (alterations supplied).

[10] Tr. 1464 (alterations supplied).

address whether it is medically necessary.  When the record reflects a purported need for a hand-held assistive device, but the ALJ fails to affirmatively reject the need for such a device, the court cannot be certain whether the ALJ intended to recognize it. *See Carter v. Astrue,* No. 3:10-cv-22-J-TEM, 2011 WL 4502024, at \*10 (M.D. Fla. Sept. 28, 2011); *Drawdy v. Astrue*, No. 3:08-cv-209-J-HTS, 2008 WL 4937002, at \*4 (M.D. Fla. Nov. 17, 2008).  That failure is significant because the inclusion of such a restriction when determining claimant's residual functional capacity could alter the outcome of the claim, especially in view of the representative occupations identified by the vocational expert and accepted by the ALJ — *i.e.*, production assembler, housekeeping cleaner, and sales attendant.[11]  Even if the ALJ meant to reject the medical necessity of the assistive device, she erred by failing to explain her reasons for doing so.

In accordance with the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

**DONE** and **ORDERED** this 5th day of May, 2026.

_____
Senior United States District Judge

---

[11] *See* Tr. 31.

5